# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LEE LIFENG HSU
& JANE YUCHEN HSU,

   Plaintiffs,

   v.

JACLYN B. WOOTERS
& DEPARTMENT OF HEALTH AND
SOCIAL SERVICES (DHSS),

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N23C-05-052 FJJ

Submitted:  September 27, 2023
Decided: October 3, 2023

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Upon consideration of the Motion to Dismiss filed by Defendant, Delaware Department of Health and Social Services ("DHSS"), it appears to the Court that:

1. On March 21, 2023, Jane Hsu and her dog, "Kiki," were attacked by another dog owned by the codefendant, Jaclyn Wooters, who left the scene of the incident shortly thereafter.  As a result of the incident, Jane Hsu suffered injuries and her cell phone was broken.  Jane Hsu called her husband, Lee Hsu, for help.  Soon after, he arrived at the scene, and eventually called 911.  Approximately 70 minutes later, Sergeant Tammy Mosley from DHSS Office of Animal Welfare ("OAW") arrived at the scene. At some point Mosely completed an incident report.  Before and after Mr. Hsu received the report, he emailed Sergeant Mosely

regarding questions he had about the report and the application of Delaware dog laws to the incident. After receiving the report, Mr. Hsu emailed Sergeant Mosely, and called telephone numbers found on the back of the report, listed under the "Victim Bill of Rights" paragraph, with questions. Mr. Hsu received different answers to his questions.[1]

2.	Mr. and Mrs. Hsu have sued DHSS and Wooters.  Mr. and Mrs. Hsu have not sued Mosley. The claims against DHSS are based on OAW's failure to enforce the applicable Dangerous and Potentially Dangerous Dogs law found at 16 *Del.C.* §3071F and DHSS's violation of the "Victim's Bill of Rights" found at 11 *Del. C.* §§9401-9420.

3.	"When considering a motion under SUPERIOR COURT CIVIL RULE 12(b)(6), the Court's task is to determine whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[2]  Under that Rule, the Court will:

> (1) Accept all well pleaded factual allegations as true;
> (2) Accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim;
> (3) Draw all reasonable inferences in favor of the non-moving party; and

---

[1] These allegations, which are taken from the complaint, must be accepted as true when considering a Motion to Dismiss.

[2] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. 2018) (cleaned up) (quoting SUPER. CT. CIV. R. 12(b)(6)).

(4) [Not dismiss the claims] unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[3]

"If any reasonable conception can be formulated to allow [p]laintiffs' recovery, the motion must be denied."[4] If the claimant may recover under that standard, then the Court must deny the motion to dismiss.[5] This is because "[d]ismissal is warranted [only] where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[6]

4.      SUPERIOR COURT CIVIL RULE 9(b) requires those pleading negligence to do so with particularity—a heightened pleading standard.[7] The particularity requirement is not satisfied with general statements or conclusions.[8] Gross negligence requires a showing of negligence that is a higher level of negligence representing extreme departure from the ordinary standard of care.[9] Wanton conduct requires a showing of an "I don't care" attitude.[10]   A recitation of

---

[3] *Id.* (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)).

[4] *Id.* (citing *Cent. Mortg. Co.*, 27 A.3d at 535).

[5] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[6] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Aug. 20, 2004) *(citation omitted).*

[7] SUPER. CT. CIV. R. 9(b).

[8] *Jackson v. Delaware Office of Animal Welfare,* 2017 WL 4082756 (Del. Super., 2017).

[9] *Hughes v. Christiana School Dist.*, 2008 WL 73710 (Del. Super. 2008),

[10] *Eustice v. Rupert*, 406 A.2d 507, 509 (Del. 1983).

conclusory allegations is not sufficient to meet the particularity requirement when the plaintiff has not provided any facts supporting a claim of willful or wanton conduct.[11]

5.     DHSS has moved to dismiss the Plaintiffs' Complaint on a number of grounds.  The two relevant grounds here are: (1) DHSS's position that the State is immune from suit; and (2) the claim for gross negligence or wanton conduct has not been pled with the required particularity.

6.     The Doctrine of Sovereign Immunity provides that the State may not be sued without its consent.[12]  Such immunity may only be limited or waived by "act of the General Assembly."[13]  In order to overcome the State's sovereign immunity: (1) the State must waive immunity; and (2) the State Torts Claims Act[14] must not otherwise bar the action.[15]  Plaintiffs are incorrect that a state agency may be sued if the State Torts Claims Act is met. First, and as a condition precedent to the recovery under the State's Tort Claims Act, the state must waive immunity as to a state agency.[16]

---

[11] *Jackson v. Delaware Office of Animal Welfare*, 2017 WL 4082756 (Del. Super. 2017).
[12] *Doe v. Coates,* 499 A.2d 1175 (Del. 1985); *J.L. v. Barnes et. al.,* 33 A.3d 902, 913 (Del. Super. 2011).
[13] *See* Del. Const. Art. I, §9).
[14] 10 *Del.C.* §4001.
[15] *Doe*, 488 A.2d at 1176-77; *J.L.*, 33 A.3d at 913.
[16] *McCafferty v. Delaware Department of Transportation*, 2013 WL 6114832 (Del. Super. 2013).

There are two means by which the State, through the General Assembly, may waive immunity: (1) by procuring insurance coverage under 18 *Del.C.* §6511 for claims cited in the complaint;[17] or (2) by statute which expressly waives immunity.[18]   Defendant has produced an affidavit of Debra Lawhead, the Insurance Coverage Administrator for the State of Delaware.  Lawhead's affidavit adequately demonstrates that the State has not procured insurance coverage for the risks implicated by Plaintiffs' claims.  Lawhead avers that she reviewed Plaintiffs' Complaint and that "the State of Delaware, and its agencies thereof, had not purchased any insurance … that would be applicable in the circumstances and events alleged in the Complaint.[19]  Moreover, Lawhead confirms that the "General Assembly has not enacted any legislation pertaining to or allowing any possible liability of the state resulting from the facts as alleged in said Complaint."[20]

Lawhead's affidavit establishes that the State has not waived immunity with respect to Plaintiffs' claims against DHSS. She also confirms that no statute waives immunity in this instance. Accordingly, the claims against DHSS must be dismissed on the basis of sovereign immunity.

---

[17]  *Id.*

[18]  *Id.*; *see also Janawski v. Div. of State Police Dept. of Safety & Homeland Security,* 2009 WL 537051, at *3 (Del. Super. Feb. 27, 2009).

[19]  *See* Exhibit 6 in support of Dependents' Motion for Summary Judgment).

[20]  *Id.*

7. In addition to the defense of immunity, Plaintiffs have not pled gross negligence or wanton conduct with any particularity. The Court appreciates that Plaintiffs have not yet sued Mosley and have indicated in their response to this Motion that they have not sued Mosley. If the Plaintiffs decide to seek leave to amend their Complaint to sue Mosley, the Court will consider that request. However, Plaintiffs should be forewarned that any amended complaint will need to be pled with more particularity than the present Complaint.[21,22] An amended complaint which merely substitutes Sergeant Mosley for DHSS will undoubtedly be dismissed by this Court for failure to plead with the particularity required to assert the claim of gross negligence and/or wanton conduct.

8. The Court has received and reviewed Plaintiffs' response addressing the relevant dog laws. The Court is sympathetic to Plaintiffs' position, appreciates the trauma suffered by Mr. and Mrs. Hsu, and understands the arguments and requests being made. However, it must be noted, that in order for the Court to find that a genuine issue exists in the current case, it is required that there be a case and controversy.[23] Further, for there to be a case and controversy, there must be a live

---

[21] THE STATE TORT CLAIMS ACT (10 *Del.C.* §4001) permits suit against a state employee if the employee's actions were: 1) ministerial; 2) done in bad faith; or 3) done with gross negligence and/or wanton conduct.

[22] *Wicks v. Delaware Veteran's Home*, 2023 WL 5497040 (Del.Super. 2023).

[23] *In Re: Covid-Related Restrictions on Religious Services*, 2023 WL 5527967 (Del. Super. 2023).

party on both sides of the argument.[24] Here, due to issues of sovereign immunity, as explained in paragraph 6, there fails to be a live party on both sides. The Delaware Constitution, along with the legislature, severely limits cases in which citizens can sue a state agency.

9.    However, despite issues of immunity in this case, there is another potential party against whom the Plaintiffs' may assert their claims, Ms. Wooters. Whether the ultimate fact finder will impose liability on Ms. Wooters, and to what degree, is an issue for another day. However, the point to be made is that the Sovereign Immunity Doctrine applicable in this case does not leave Plaintiffs without any potential remedy.

10.    For the foregoing reasons, DHSS's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED**.

 /s/  Francis J. Jones, Jr.
Francis J. Jones, Judge

---

[24] *Rollins Int'l Inc. v. Int'l. Hydronics, Inc.,* 303 A.2d 660, 662-663, (Del. 1973).